UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANTHONY BROWN #163849,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　 )　　Case No. 2:10-cv-17
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　 )　　Honorable R. Allan Edgar
　　　　　　　　　　　　　　　　　)
J. DENMAN, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　 )
　　　　　　　　　　　　　　　　　)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Sebably, Livermore, Konrad, Lindemuth, Maki, Bauman, Contreas, Knaus, Rose, Caruso, Arkens and Rutter. The Court will serve the complaint against Defendant Denman.

**Discussion**

I.  Factual allegations

Plaintiff Anthony Brown, a prisoner at the Baraga Maximum Correctional Facility (AMF), brings this 42 U.S.C. § 1983 action against Defendants Unit Officer J. Denman, Unknown Sergeant Sebably, Lieutenant M. Arkens, Assistant Deputy Warden L. Rutter, Sergeant D. Livermore, Resident Unit Manager Unknown Konrad, Resident Unit Manager T. Lindemuth, Hearing Officer L. Maki, Warden C. Bauman, Inspector Unknown Contreas, Sergeant Unknown Knaus, Psychologist Unknown Rose, and MDOC Director Patricia Caruso.

In his complaint, Plaintiff alleges that on February 17, Defendant Denman attempted to use force and threats to convince Plaintiff to let her watch while he masturbated. Defendant Denman then denied Plaintiff a shower. On February 22, Defendant Denman asked to watch Plaintiff masturbate and, when Plaintiff refused, threatened to write a misconduct on Plaintiff. On February 23, Defendant Denman against asked to watch Plaintiff masturbate and, when Plaintiff refused, Plaintiff was denied food trays for six days. In addition, after Plaintiff wrote a grievance regarding the sexual harassment, Defendant Denman falsified a misconduct for insolence on Plaintiff. On February 25, Defendant Denman falsified a misconduct on Plaintiff for sexual misconduct. In addition, Defendants Livermore, Maki, Bauman and Contreas failed to investigate Plaintiff's complaints of sexual misconduct by Defendant Denman.

Plaintiff alleges that on March 27, Defendant Denman denied Plaintiff the right to clean his cell because he refused to let her watch him masturbate. Defendant Knaus failed to report "notes" and other evidence proving staff sexual misconduct by Defendant Denman. On April 6, Defendant Lindemuth failed to report or investigate allegations of staff sexual misconduct. On April

29, during a psychological interview, Plaintiff told Defendant Rose about Defendant Denman's misconduct, but Defendant Rose failed to report or investigate the misconduct. On May 3, Defendant Denman stood and watched while Plaintiff was attacked in a shower, his shorts were urinated on, and he was thrown out on the wing. Defendant Denman then falsified a restriction of segregation privileges on Plaintiff. When shown evidence of staff misconduct against Plaintiff, Defendant Sebably refused to report the information and falsified a restriction of shower privileges. Defendant Arkens then imposed the shower restriction without due process. On May 4, Defendant Rutter placed Plaintiff on a 30 day shower restriction without first giving him a hearing. On June 28, Defendant Denman falsified a misconduct for disobeying a direct order. Plaintiff seeks damages and equitable relief.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New*

*York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932

F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Sebably, Livermore, Konrad, Lindemuth, Maki, Bauman, Contreas, Knaus, Rose and Caruso were personally involved in the activity which forms the basis of his claim. Defendants Sebably, Livermore, Konrad, Lindemuth, Maki, Bauman, Contreas, Knaus, Rose and Caruso's only roles in this action involve the denial of administrative grievances or the failure to act. Defendants Sebably, Livermore, Konrad, Lindemuth, Maki, Bauman, Contreas, Knaus, Rose and Caruso cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Sebably, Livermore, Konrad, Lindemuth, Maki, Bauman, Contreas, Knaus, Rose and Caruso are properly dismissed for lack of personal involvement.

Plaintiff also claims that Defendants Arkens and Rutter imposed a 30 day shower restriction following the May 3 shower incident without first giving him a hearing in violation of his due process rights. Plaintiff offers a copy of the grievance and responses regarding the shower incident as an exhibit to his complaint. In the step II grievance response, Defendant Bauman notes that Plaintiff was placed in the shower, at which time he began to yell and scream obscenities at Defendant Denman. The prisoner in the adjacent cell grabbed Plaintiff's shorts and threw them in the hallway, but they were not urinated on as claimed by Plaintiff. Defendant Bauman notes that the

shower restriction was the result of Plaintiff's own conduct, and that as a result Plaintiff was found guilty of a misconduct for insolence on May 20, 2009. (*See* step II response to LMF 09 05 1440 17i.) In addition, the court notes that pursuant to MDOC Policy Directive 04.05.120 ¶ II, a shower restriction allows a prisoner to shower once a week, as opposed to the usual three times per week.

To determine whether a restriction involves the deprivation of a liberty interest protected by the Due Process Clause, the Court must determine if the restriction imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). The court concludes that the limitation of showers to once per week for a period of thirty days does not constitute such a hardship. Therefore, Plaintiff's due process claims against Defendants Arkens and Rutter are properly dismissed.

Nor does the thirty day shower restriction violate Plaintiff's rights under the Eighth Amendment. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Although Plaintiff was limited to showering only once per week for a period of thirty days, he does not allege or show that he was denied basic human needs and requirements. The Sixth

Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Sebably, Livermore, Konrad, Lindemuth, Maki, Bauman, Contreas, Knaus, Rose, Caruso, Arkens and Rutter will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Denman.

An Order consistent with this Opinion will be entered.


Dated:        5/11/2010                             */s/ R. Allan Edgar*
                                    R. Allan Edgar
                                    United States District Judge